## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREA STRINGER, on behalf of herself and all others similarly situated, | **Case No.: 4:18-cv-00889-RWS** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **CLASS ACTION** |
| JH PORTFOLIO DEBT EQUITIES LLC., OLIPHANT FINANCIAL LLC and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

### INTRODUCTION

1.      Andrea Stringer ("Plaintiff") seeks redress in this action for Oliphant Financial LLC's ("Oliphant" or "Defendant" or "Defendants" for all defendants) for and on behalf of JH Portfolio Debt Equities LLC. ("JH Portfolio" or "Defendant" or "Defendants" for all defendants) practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").  The TCPA prohibits unsolicited voice calls to cellular telephones without prior express written consent within the meaning of the TCPA.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331, §1337, and 47 U.S.C. §227 (TCPA). Venue in this district is proper because Defendant JH

Portfolio Debt Equities LLC. is located in this district.

3.     In addition to subject matter jurisdiction under the TCPA, this matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $500.00 and up to $1,500 in statutory damages for each call to cellular telephones, which has violated the TCPA. Based on the calls to Plaintiff and the size of Defendants, Plaintiff alleges on information and belief that it has used an automatic telephone system to make in excess of 10,000 calls to putative class members. None of the exceptions to the Class Action Fairness Act of 2005 applies. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2).

## PARTIES

4.     At all times relevant, Plaintiff was an individual residing in Riverside County, California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

5.     Defendant JH Portfolio, a debt buyer, and Oliphant, a debt collector, at all times mentioned herein, were each a "person", as defined by 47 U.S.C. §153(39).

6.     Defendant JH Portfolio, is located at 5757 Phantom Drive, Suite 225 Hazelwood, Missouri, which is in the eastern district of Missouri. It may be served through its registered agent: CT Corporation Systems, 120 South Central

Ave, Clayton, MO 63105.

7.     JH Portfolio is the owner of the underlying Debt and retained

Oliphant to make robocalls on its behalf.

8.     Defendant Oliphant is a Florida corporation with offices at 1800

Second Street, Suite 603, Sarasota, Florida 34236.  Defendant is registered to do

business in the State of Missouri and may be served through its registered agent:

CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, Mo

65101.

9.     Plaintiff makes the following allegations on information and belief,

with the exception of those allegations that pertain to Plaintiff, or to plaintiff's

counsel, which Plaintiff alleges on personal knowledge.

10.    The true names and capacities of parties sued herein as DOES 1

through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendant by fictitious names. Each of the Defendants designated herein as a

DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek

leave of court to amend this Complaint to reflect the true names and capacities of

the DOE Defendants if and when such identities become known.

11.    Plaintiff is informed and believes that at all relevant times, each and

every Defendant was acting as an agent and/or employee of one or more of the

other Defendants and was acting within the course and scope of said agency

and/or employment with the full knowledge and consent of one or more of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

12.    To the extent that one or more Defendant was not the agent of another, that Defendant acted with reckless disregard as to the violations described herein and was complicit with one or more of the other Defendants in violating the law and undermining the protections of the relevant statutory framework.

13.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 (TCPA)**

14.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

15.    The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

18.     Plaintiff had a cell phone number ending in 7032 ("Cell number").

19.     Plaintiff never gave her cell number to any entity that either acquired or attempted to collect the debt Defendants were attempting to collect from her.

20.     Plaintiff did not list her cell number in or on any other documents at any time during the transaction that resulted in the debt owed, nor did she

verbally provide her phone number to or consent to any calls on her cell number by Defendants.

21.     The debt that Defendants were attempting to collect, by calling Plaintiff, was not Plaintiffs debt.

22.     Notwithstanding the fact Plaintiff did not provide Defendants with her cell number, Defendants repeatedly called Plaintiff's cell number. Plaintiff received numerous calls on her cell number from Defendants.

23.     The calls were automatically placed to her cell number, and when she answered, there was a long pause on the other end, and then on some calls she was transferred to a live person.

24.     All telephone contact by Defendants to Plaintiff on her cell number occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is four years prior to the filing of this action and 20 days following the filing of this Complaint.

25.     The telephone calls placed by Defendants to Plaintiff's cell number used an automatic telephone dialing system and/or "an artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A).

26.     The telephone number that Defendants contacted Plaintiff, with a "an artificial or prerecorded voice" and/or made by an "automatic telephone dialing

system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

27.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

28.     Plaintiff did not provide "express consent," and in the alternative, if she did initially provide it, which she denies, she revoked that consent before some or all of the calls herein occurred, allowing Defendants to place telephone calls to Plaintiff's cell number utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

29.     Defendants did not make telephone calls to Plaintiff's cell number "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. §227(b)(1)(A).

30.     Defendants telephone calls to Plaintiff's cell number utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

31.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff

provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I – TCPA (CELLULAR CALLS)

32.    Plaintiff incorporates the above factual allegations herein.

33.    Defendants made unsolicited commercial phone calls to the wireless telephone number of Plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34.    These phone calls were made without the prior express consent of Plaintiff or the class.

35.    Defendants have therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."  As a result of Defendants illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

36.    Because Defendants misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages

recoverable by the Plaintiff and the class.

37.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants violation of the TCPA in the future.

## CLASS ALLEGATIONS

38.     Plaintiff proposes the following TCPA class definitions, subject to amendment as appropriate:

All persons within the United States to whose cellular telephone number Defendants placed a non-emergency telephone call using the same dialing system used to call Plaintiff or an artificial or prerecorded voice without prior express consent, on or after the date that is four years prior to the filing of this action until the date that is 20 days following the filing of this action.

All persons within the United States to whose cellular telephone number Defendants placed a non-emergency telephone call using the same dialing system used to call Plaintiff or an artificial or prerecorded voice where the person called was not the debtor, on or after the date that is four years prior to the filing of this action until the date that is 20 days following the filing of this action.

39.     Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded

from the Class are Defendants and any entities in which Defendants has a controlling interest, Defendants agents and member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

40.    The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Defendants.

41.    There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

> a.  Whether, beginning on or after the date that is four years prior to the filing of this action until the date that is 20 days following the filing of this action, Defendants made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;
> b.  Whether Defendants can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

     c. Whether Defendants' conduct was knowing and/or willful;

     d. Whether Defendants is liable for damages, and the amount of such damages; and

     e. Whether Defendants should be enjoined from engaging in such conduct in the future.

42. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes including TCPA class actions.

44. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

45. Defendants has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with

respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants:

A.     As a result of Defendants' negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class as awarded by the Court;

D.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

E.     Such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by Jury.

/s/ Patric A. Lester
Patric A. Lester, # 32840MO
Lester & Associates
5694 Mission Center Road, #358
San Diego, California 92108
(619) 665-3888
(314) 241-5777 Fax
Attorney for Plaintiff
ANDREA STRINGER